UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWNTIA D. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 6789 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| COMPASS GROUP, CROTHALL HEALTHCARE, INC., and CLAYTON SMITH, JR., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Shawntia D. Brown filed this lawsuit against her former employers, Defendants Compass Group and Crothall Healthcare, Inc., and her former supervisor, Defendant Clayton Smith, Jr. Brown was granted leave to file an amended complaint. Doc. 16. Generously read, the amended complaint purports to state claims for: (1) discrimination based on race and sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and 42 U.S.C. §§ 1981, 1983, and 1985; (2) retaliation in violation of Title VII and §§ 1981, 1983, and 1985; and (3) slander and libel. Doc. 18.

Defendants moved to dismiss portions of the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 19. On January 31, 2012, the court entered a scheduling order setting February 28, 2012 as the deadline for Brown's response and March 13, 2012 as the deadline for Defendants' reply. Doc. 23. The court also referred the case to Magistrate Judge Kim for discovery supervision and a settlement conference. Magistrate Judge Kim held a status hearing on February 7, 2012, during which he advised Brown that she had to comply with the briefing schedule on the motion to dismiss. Doc. 31. Despite this warning, Brown has not

responded to the motion to dismiss. On March 13, 2012, Defendants filed a "reply" arguing that the motion should be granted because it is unopposed. Doc. 32.

"If [a court is] given plausible reasons for dismissing a complaint, [the court is] not going to do the plaintiff's research and try to discover whether there might be something to say against the defendant's reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). A plaintiff's failure to respond to a defendant's motion to dismiss therefore provides grounds for granting the motion. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) ("As to the defendants' motion to dismiss the complaint, Alioto waived his right to contest the dismissal by failing to oppose the motions."); *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) ("[w]hile Lekas alleged in his complaint that his segregation was in retaliation for his filing of grievances, he did not present legal arguments or cite relevant authority to substantiate that claim in responding to defendants' motion to dismiss"); *Kirksey*, 168 F.3d at 1041 ("In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so."). Dismissal is all the more appropriate where, as here, the plaintiff is explicitly warned regarding her obligation to comply with the briefing schedule on a motion to dismiss. *See Stanciel v. Gramley*, 267 F.3d 575, 579 (7th Cir. 2001) ("[I]t is clear that the district court adequately warned Stanciel of the consequences of failing to respond to defendants' motion [to dismiss]. Thus, it was well within the district court's discretion to dismiss Stanciel's state law and ADA claims.").

Defendants' brief in support of their motion to dismiss provides plausible reasons for dismissing portions of the amended complaint. Doc. 20. Defendants plausibly contend that the sex discrimination and slander and libel claims do not satisfy Rule 8, that the §§ 1983 and 1985 claims fail as a matter of law, and that the Title VII claim against Smith fails as a matter of law.

Brown had ample opportunity to respond to Defendants' motion, but chose for whatever reason to abstain despite Magistrate Judge Kim's warning. Brown's status as a pro se litigant through February 28, 2012—an attorney entered his appearance for her on that date—does not excuse her noncompliance with the scheduling order or her failure to file a brief opposing the motion to dismiss. *See Wilson v. Bruce*, 400 F. App'x 106, 109 (7th Cir. 2010) ("Whatever benefits Wilson may seek as a pro se litigant, they do not include license to disregard the court's orders."); *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) ("being a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines").

For these reasons, Defendants' motion to dismiss is granted. All claims under 42 U.S.C. §§ 1983 and 1985, all sex discrimination claims (under any theory), and the slander and libel claim are dismissed with prejudice as to all defendants. The Title VII claim against Smith is dismissed with prejudice as well. The following claims remain: the Title VII claims against Compass Group and Crothall Healthcare for race discrimination and retaliation, and the § 1981 claims against all defendants.

April 12, 2012

United States District Judge