# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6789 | **DATE** | July 2, 2012 |
| **CASE TITLE** | Brown vs. Compass Group et al | | |

**DOCKET ENTRY TEXT**

Defendants' motion to compel discovery [37] is granted in part and denied in part. The motion is granted to the extent that Plaintiff must provide a more complete answer to interrogatory ## 4, 5 and 8 and provide a copy of documents responsive to Defendants' Rule 34 request for production of documents. Plaintiff has until July 20, 2012, to comply with this order.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　Notices mailed by Judicial staff.

## STATEMENT

On March 8, 2012, after discovering that Plaintiff decided not to pursue settlement, the court issued a discovery scheduling order. ®. 31.) The court ordered the parties to serve their written discovery requests by March 22, 2012, and to serve their answers to the requests by April 20, 2012. The court also scheduled a status hearing for April 25, 2012, to follow-up on the progress of written discovery. (Id.) Plaintiff failed to timely serve her written discovery requests and also failed to timely serve her answers to Defendants' written discovery requests. Prior to the expiration of the deadlines, Plaintiff did not file a motion for extension of time. At the scheduled status hearing on April 25, 2012, Plaintiff orally requested an extension of time to serve her written discovery requests and her answers to Defendants' written discovery requests. The court granted the oral request and allowed Plaintiff until May 16, 2012, to serve her answers to Defendants' discovery requests and until May 30, 2012, to serve her own set of discovery requests on Defendants. ®. 35.)

According to Defendants, Plaintiff served her written discovery responses on May 16, 2012, but asserts that her responses are inadequate and fail to comply with the relevant Federal Rules of Civil Procedure governing written discovery. ®. 38 at 2.) On June 5, 2012, the court permitted Defendants to file their motion to compel and to detail the deficiencies by June 8, 2012. ®. 36.) The court also permitted Plaintiff to file a response to the motion to compel by June 22, 2012, and Defendants to file a reply thereto by June 29, 2012.

On June 7, 2012, Defendants filed their motion to compel and identified several deficiencies with Plaintiff's discovery response: (a) Plaintiff failed to detail her damages as required by Rule 26(a)(1)(A)(iii) and in response to interrogatory # 2; (b) Plaintiff failed to provide the contact information for witnesses Lisa Powers and Shalonda Drayton in response to interrogatory # 1 and whether she intends to call any of the individuals listed in her answer to interrogatory # 1 as a trial witness; © Plaintiff failed to produce documents responsive to Defendants' request for production of documents; (d) Plaintiff failed to provide complete answers to interrogatory ## 3-6, 8, and 10-12; and (e) Plaintiff failed to verify her answers to the interrogatories as required by Rule 33(b). Plaintiff failed to file a response. Plaintiff telephonically informed the court on June 25, 2012, that she was unable to file her

| STATEMENT |
|---|

response to the motion electronically on June 22, 2012. The court advised Plaintiff to try filing the response again and also referred her to the help desk of the clerk's office. Despite the information provided to Plaintiff, she never filed a response with the court. However, Defendants attached Plaintiff's response to Defendants' motion to compel. (R. 42-2, Defs.' Reply, Ex. B.) This response is titled, "Plaintiff's Answer to Motion to Compel," but it does not respond to the motion to compel; rather the response contains Plaintiff's amended answers to Defendants' interrogatories. In their reply, Defendants claim that these amended answers are still insufficient. The court will consider Plaintiff's amended answers and determine whether they are adequate. Plaintiff did not amend her response to Defendants' request for production of documents.

As to the deficiencies identified in (a) and (b) above, the court finds that Plaintiff's answers to interrogatory ## 1 and 2 are responsive. (R. 38-3; R. 42-2, Pl.'s Amended Ans. at 2-3.) Defendants represented in their reply brief that they no longer need the contact information for Lisa Powers. (R. 42, Defs.' Reply at 2 n.2.) Also, Plaintiff answered in her amended answers that, "[e]veryone listed on the chart will be called to testify." (R. 42-2 at 1.)

As to the deficiencies identified in © above, Plaintiff failed to comply with Rule 34. Plaintiff's response to Defendants' request for production of documents, titled "Production Documents," is not a proper way to respond to a request for production of documents. Plaintiff must either identify the documents responsive to each production request and permit the copying of such documents or produce a copy of the responsive documents to each production request. The court suggests that Plaintiff paginate her documents, identify the pages in response to each production request, and provide a set of the paginated documents to Defendants. Failure to comply with this order without good cause may result in Plaintiff being barred from using and offering certain documents in this case as evidence.

As to the deficiencies identified in (d) above, the court agrees with Defendants that Plaintiff's answers to interrogatory ## 4, 5 and 8 are still inadequate. Accordingly, Plaintiff is ordered to provide a more complete answer to interrogatory ## 4, 5 and 8 or provide a copy of documents showing the answers responsive to the interrogatories. As to interrogatory ## 10-12, the court finds that Plaintiff's answers are responsive and complete.

As to the deficiency identified in (e) above, the court finds that Plaintiff is now in compliance with the signature requirement under Rule 33(b)(5).