UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWNTIA D. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 6789 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| COMPASS GROUP, CROTHALL HEALTHCARE, INC., and CLAYTON SMITH JR., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Shawntia Brown filed this lawsuit against her former employers, Compass Group and Crothall Healthcare, Inc., and her former supervisor, Clayton Smith Jr. The court dismissed most of Brown's claims under Federal Rule of Civil Procedure 12(b)(6). 2012 WL 1231064 (N.D. Ill. Apr. 12, 2012). After discovery closed, the court granted summary judgment to Defendants on the remaining claims. 2013 WL 842643 (N.D. Ill. Mar. 6, 2013). Now before the court are: (1) the bill of costs filed by Defendants under Federal Rule of Civil Procedure 54(d), which seeks $1956.45 for the transcript of Brown's deposition, Docs. 94, 95; (2) Brown's motion for reconsideration of the grant of summary judgment to Defendants, Doc. 98; and (3) Brown's motion to extend time to respond to the bill of costs, Doc. 99.

Brown's motions for reconsideration and for extension of time to respond to the bill of costs are denied for failure to comply with Local Rule 5.3(b), which provides:

> PRESENTMENT. Every motion or objection shall be accompanied by a notice of presentment specifying the date and time on which, and judge before whom, the motion or objection is to be presented. The date of presentment shall be not more than 14 days following the date

1

>on which the motion or objection is delivered to the court pursuant to [Local Rule] 78.1.

*See also ChampionsWorld LLC v. U.S. Soccer Fed'n, Inc.*, 726 F. Supp. 2d 961, 965 (N.D. Ill. 2010) (denying motions for failure to comply with Local Rule 5.3(b)). Brown—who is represented by an attorney—failed to notice either of these motions for presentment as required by Local Rule 5.3(b). This failure is especially perplexing because, as noted in the summary judgment opinion, Brown previously had a motion denied for failure to comply with Local Rule 5.3(b), Doc. 87; *see* 2013 WL 842643, at *1, and Magistrate Judge Kim informed Brown of her duty to comply with Local Rule 5.3(b) with respect to yet another motion, Doc. 68 ("Even if Plaintiff … did in fact intend to file this document [Doc. 65] as a motion, this motion 65 must be denied without prejudice as it fails to comply with Local Rule 5.3.").

Although Brown did not respond to the bill of costs, the court will consider independently "whether the costs are allowable and, if so, whether they are reasonable and necessary." *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993). "Although a district court has discretion when awarding costs, the discretion is narrowly confined because of the strong presumption created by Rule 54(d)(1) that the prevailing party will recover costs." *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997) (citation and internal quotation marks omitted).

Defendants are the prevailing parties in this case. They seek costs of $1956.45 for the transcript of Brown's deposition, Doc. 94 at 1; Doc. 95-1. Such costs are allowable under § 1920(2). *See Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). The Seventh Circuit described the law governing the recovery of costs for deposition transcripts as follows:

> [P]laintiff's argument that the depositions were used sparingly in defendant's summary judgment motion and therefore were not necessarily obtained for use in this case is … without merit. The introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition. The proper inquiry is whether the deposition was "reasonably necessary" to the case at the time it was taken, not whether it was used in a motion or in court.

*Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) (citation omitted).

Defendants' attorney avers that the $1956.45 figure is the amount Defendants were billed "in fees for court reporter and copy of deposition transcript in connection with the deposition of Shawntia Brown." Doc. 95-1 at 1. Defendants also submit the invoice from the firm that produced the deposition; it includes a court reporter attendance fee of $450 for 7.5 hours ($60 per hour) and an original transcript fee of $1506.45 for 363 pages at a price of $4.15 per page, for a total of $450 + $1506.45 = $1956.45. *Id*. at 4. There is no doubt that taking Brown's deposition was reasonably necessary; she is the plaintiff, and her claims turned on her personal experiences while employed by Defendants.

That said, Defendants are not entitled to the full amount they seek. Local Rule 54.1(b) provides that "the cost of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided by order of court." The Judicial Conference's current rate is $3.65 per page, *see Harney v. City of Chicago*, 702 F.3d 916, 927 (7th Cir. 2012); *Pugh v. Bd. of Educ. of the City of Chi.*, 2012 WL 5199629, at *3 (N.D. Ill. Oct. 22, 2012); *Nicholson v. Allstate Ins. Co.*, 2012 WL 1192077, at *1 (N.D. Ill. Apr. 10, 2012), and no order allowing for a higher rate was entered in this case. In the undersigned's view, the Judicial Conference's

$3.65 per page rate should be applied to the total costs charged for the transcript itself and the appearance fee. *See Serwatka v. City of Chicago*, 2011 WL 2038725, at *1 (N.D. Ill. May 24, 2011); *Rogers v. City of Chicago*, 2002 WL 423723, at *3 (N.D. Ill. Mar. 15, 2002) ("The Judicial Conference rate allowed for original deposition transcripts … covers *all costs* of transcript production."); *see also Harney*, 702 F.3d at 927-28 (noting that "there appears to be a split among the district judges in the Northern District of Illinois, with some judges awarding appearance fees in addition to the maximum allowable per page transcript fee and other district judges limiting the taxable costs to the per page rate," and finding it unnecessary to resolve the split in that case) (citing cases). It follows that the Judicial Conference's rate allows a maximum total cost (including appearance fees) of $1324.95 (363 x $3.65). Accordingly, Defendants' costs are reduced by $631.50 to $1324.95.

    Because Defendants seek costs only for the one deposition transcript, and because the court perceives no further reasons for reducing the amount allowed, the court awards costs of $1324.95.

May 13, 2013                                                _____
                                                                                 United States District Judge